TAPPEN v. GRAY.

Bill filed by an acting and lawfully appointed flour inspector, charged that he had been ousted of the office by one unlawfully appointed by the governor; and praying an injunction, receiver and an account of fees. *The Court* sustained the bill on the principle of *quia timet*, the defendant being insolvent.

*Jan.* 20, 21, 1841.

*Pleading.*
*Quia timet.*
*Flour In-*
*spector.*

BILL and demurrer.

The bill showed that on the twenty-eighth day of April, in the year one thousand eight hundred and thirty-seven, the complainant, Christopher B. Tappen, was appointed by the then Governor of the state of New-York, with the consent of the senate, inspector of flour in the city of New-York; and was to hold the office, together with the fees, profits and advantages to the same belonging, for and during the term limited by the constitution and laws of the state. That he took the oath of office; entered upon the duties; and had continued faithfully to discharge them until the intrusion of the defendant, John Gray. That he was entitled to hold the office and receive its emoluments for two years and until a successor in office should be duly qualified. That, by the laws of the state, the office of flour inspector in and for the city of New-York was to be filled by the governor on his nomination to and with the consent of the senate and not otherwise, except in cases where a vacancy might happen therein during the recess of the senate. That the legislature of the state for the year one thousand eight hundred and thirty-nine adjourned its session on the seventh of May, one thousand eight hundred and thirty-nine. That on the thirtieth day of the said month of May, the complainant, not having been reappointed by the governor and senate, the then governor Seward, without any nomination to and without the consent of the senate, by a commission signed by him and sealed with the great seal of the state of New-York, did appoint the said defendant, John Gray, to be flour inspector in the place of the complainant; and the said Gray intruded himself into and entered upon the duties of the said office and received its emoluments. That he ousted the complainant. That the complainant had offered

to the defendant to act as sole inspector until their rights could be determined by due course of law and to give satisfactory security to account for the proceeds of the office, which was refused. That the defendant was receiving the avails, which amounted to about five hundred dollars a week. The complainant insisted that the said defendant's appointment was unlawful. That several months must elapse before the question could be decided at law; and that the said defendant was insolvent (as complainant had been informed and believed) and would be utterly unable to respond in case the complainant succeeded. *Prayer:* that the said Gray might be enjoined from receiving, enjoying, disposing of or in any way intermeddling with the fees, profits and advantages of the said office of flour inspector, until the final end and determination of the proceedings on the before mentioned information in the nature of a *quo warranto* or any other proceedings lawfully instituted for the trial of the title and claim of the complainant to the said office and its emoluments; that a receiver might be appointed to collect and receive the aforesaid fees, profits and advantages and hold and dispose of the same according to the order and direction of the court; and that the complainant might have and receive such other or further relief in the premises as might be agreeable to equity and good conscience.

General demurrer.

Mr. *D. Graham*, in support of the demurrer.

Mr. *J. W. Edmonds*, for complainant.

THE VICE-CHANCELLOR:—The bill in this case presents a fitting cause for a court of equity to interfere by injunction on the principle of *quia timet* owing to the defendant's insolvency and the consequent danger to the fees and emoluments of the office, while the right thereto is in dispute and until the question of such right can be determined by the supreme court upon the *quo warranto.*

This court may not have jurisdiction to determine that question, so as to render a judgment or decree of *ouster* of the office. Still, it certainly may look into it for the purpose of seeing whether the bill makes a case of *prima facie* right to the

*1841.*

TAPPEN
*v.*
GRAY.

*July 6.*

office in the complainant; and if so, then to put the defendant on answering the bill, with a view to an account for the fees and profits, if it shall eventually be decided, by the proper tribunal, that the defendant is an intruder.

I consider that the bill makes out such a *prima facie* case. Its averments sufficiently show that the office was not vacant and that the complainant was in the full possession and enjoyment and exercise of it, when, during the recess of the senate, the governor " commissioned" the defendant. If the defendant can support his commission, so as to take away the complainant's right to treat him as an intruder and to call him to an account for the fees of the office, I think he must answer the bill.

Demurrer overruled, with costs; with liberty for the defendant to answer in twenty days, &c.