[No. 6,521.—In Bank.]

## GEORGE C. KNOX v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY.

Constitutional Law—Superintendent of Irrigation for Los Angeles County—County Officer—Definition.—The Superintendent of Irrigation elected under the act of March 10th, 1874, entitled "An Act to promote irrigation in the County of Los Angeles," was not a county officer, but only an officer of such portion or portions of the county as should be formed into irrigation districts, and was not entitled to compensation from the county.

Id.—Id.—Id.—Id.—The act of March 7th, 1878, for the "Relief of George C. Knox," is unconstitutional.

APPEAL from a judgment for the defendant in the Twenty-third District Court, City and County of San Francisco. Thornton, J.

The proceeding in the Court below was an application for a writ of mandamus to the Board of Supervisors of Los Angeles County to compel them to consider the claim of the petitioner under the act of March 7th, 1878, and to fix the salary of the petitioner as superintendent of irrigation of the said county.

*J. A. Barham* and *Hutton & Godfrey,* for the Appellant.

The act of 1874 (stats. 1873–74, pp. 312 *et seq.*) expressly creates the office and makes it a county office. Section 1 provides that the office of Superintendent of Irrigation for the County of Los Angeles is hereby created.

The plaintiff being a county officer before the passage of the act of March, 1878, had a claim against the county for his compensation as County Superintendent, which was not only a moral or equitable claim, but one which the constitution

guaranteed should be paid to him out of the County Treasury. (Const. art. xi, § 9.)

The legislature may recognize a moral obligation as the basis for the imposition of taxes. (*Beals* v. *Amador County*, 35 Cal. 624; Cooley on Taxation, 91, 479, 481; *Jefferson City Gas Light Company* v. *Clark and The City of New Orleans*, U. S.; *City of New Orleans* v. *Clark*, Id.)

*Thom & Stephens*, for Respondent.

The Superintendent of Irrigation was, if an officer at all, a local and not a county officer, because if he was ever elected it was by the qualified voters of certain districts only, and his jurisdiction was confined to those districts. The act creating the office designated the source from whence should be derived the revenue out of which he should be paid, and he took the office with full notice of that fact. There was no legal or moral obligation on the part of the county to compensate. (*Grogan* v. *San Francisco*, 18 Cal. 590; *Low* v. *Mayor*, 5 Id. 214.)

Myrick, J.:

It appears, by reference to the act of March 10th, 1874, that the functions of the office of Superintendent of Irrigation were to be exercised in portions only of the county— that districts were to be created upon a request of a majority of the property-owners within the proposed districts—such districts to bear all the expenses, by water rates and by taxes levied upon the lands within the respective districts—and that at least one portion of the county, viz., the city of Los Angeles, was entirely exempted from the operation of the act. The superintendent may have been *called* a county officer— but he was not such in fact. He was an officer of a portion or portions only of the county, i. e., such portions only of the county as should be formed into irrigation districts. The act creating the office did not pretend that he was to be paid as a county officer from taxes levied upon the county at large; he was to be paid out of the water rates collected from persons supplied with water. Being an officer of districts only, his compensation should be limited to revenue derived from

such districts.   (*The People ex rel. Long* v. *Townsend*, 56 Cal. 633.)

Judgment affirmed.

MORRISON, J., concurred.

MCKINSTRY, J., concurring:

I agree to the opinion of Mr. Justice Myrick.   With respect to the other questions suggested by the record, I do not deem it advisable now to express any views *in extenso*.   I desire to add, however, that even if the act " to promote irrigation in the County of Los Angeles" could be construed as adding to the powers and governmental machinery of the County of Los Angeles, and the " Superintendent of Irrigation" could be considered a *county officer*, still the two acts (" To promote irrigation," etc., and that of March 7th, 1878, " For the relief of George C. Knox") would, in my opinion, conflict with the provisions of the constitution of 1849, following: " The legislature shall establish a system of county and town governments, which shall be as nearly uniform as practicable throughout the State." (Art. xi, § 4.) "All laws of a general nature shall have a uniform operation." (Art. i, § 11.) " Taxation shall be equal and uniform throughout the State. All property in this State shall be taxed in proportion to its value, to be ascertained as directed by law; but Assessors and Collectors of town, county, and state taxes shall be elected by the qualified electors of the district, county, or town in which the property taxed for State, county, or town purposes is situated." (Art. xi, § 13.)

SHARPSTEIN, J., concurred in the affirmance of the judgment.

THORNTON, J., dissented.

Ross, J., being disqualified, took no part in the decision.