## WHITE *v.* BERRY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF WEST VIRGINIA.

No. 539. Argued March 21, 22, 1898. — Decided May 31, 1898.

A court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is entrusted to a judicial tribunal.

The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, quo warranto, or information in the nature of a writ of quo warranto, according to the circumstances of the case, and the mode of procedure established by common law or by statute.

If the assignment of some one to duty as gauger at the Hannis distillery, in the place of the plaintiff, did not work his removal from office, a court of equity ought not to assume to control the discretion which under existing statutes the Executive Department has in all such matters; as interference by the judicial department in such cases would lead to the utmost confusion in the management of executive affairs.

THIS suit in equity was brought by H. C. Berry in the Circuit Court of the United States for the District of West Virginia against A. B. White, United States collector of internal revenue for that district, A. L. Hoult, John D. Sutton, Anthony Staubley and Franklin T. Thayer.

The bill alleged that in 1893, the plaintiff Berry was duly appointed by the Secretary of the Treasury to the position of United States gauger, and from that time to the commencement of this suit he had acted in that capacity at the Hannis distillery at Martinsburg, West Virginia;

That he was appointed through the recommendation of E. M. Gilkeson, late collector of internal revenue for the above-named district;

That he was paid at the rate of one hundred dollars per month directly from the Treasury Department, and was an officer of the United States Government, having taken the required oath of office and executed bond as required by law;

That his oath of office and bond continued good and in force regardless of the personnel of the collector of internal revenue, and he did not hold his position at the discretion of that officer;

That he had honestly, faithfully and impartially discharged his duties, being especially well equipped and qualified to discharge all the duties appertaining to his office;

That the defendant White, collector of internal revenue, had declared his intention to appoint a gauger and three storekeepers to fill the place of the plaintiff and others employed at the distillery at an early date;

That the defendants Hoult, Sutton, Staubley and Thayer had been reinstated, or would be appointed and commissioned, and one of them would be assigned to duty in place of the plaintiff at the Hannis distillery, through White, who had openly declared his intention to reinstate the defendants in place of the plaintiff and others;

That the plaintiff is a Democrat in politics, was assigned to said office as a Democrat, and had voted the ticket of that political party, while the defendant White was a Republican;

That White had declared his intention to place one of the other four defendants in plaintiff's position, because of the latter's political affiliation, and for no other reason, and to appoint and recommend Republicans to fill such places for no other reason than that they were of that political faith;

That the plaintiff's office is in the classified service, and belongs to what is known as the Civil Service, and as such he could not be removed, except for cause shown and proved;

That by a circular issued by the Secretary of the Treasury, it was provided that no removals should be made from any position subject to competitive examination except upon just cause and upon written charges filed with the head of the department or the appointing officer, of which the accused should have full notice and opportunity to make defence;

That in department circular No. 119, which was an executive order, the same provisions were made together with others, and were signed by the acting commissioner of

internal revenue and approved by the Secretary of the Treasury;

That the plaintiff was one of the employés of the Treasury Department, was included in the classified service, and was protected from removal for political or religious reasons under the Civil Service laws and rules of the United States, as fully appears from a communication received from the acting president of the Civil Service Commission of date September 10, 1897;

That if the defendant White be permitted to remove the plaintiff from his office and position or supplant him by others, the same would be illegal and in violation of law;

That rule two of section three of the Civil Service rules provides that "no person in the executive Civil Service shall dismiss or cause to be dismissed or make any attempt to procure the dismissal of or in any manner change the official rank or position of any other person therein because of his political or religious affiliations;" while section one of those rules provides that any person in the executive Civil Service of the United States who should wilfully violate any provision of the Civil Service Act or of the rules established by the Civil Service Commission should be dismissed from office;

That under the law the plaintiff had a vested interest in his office, and if White should remove him therefrom or assist in so doing it would be in violation not only of the Civil Service rules but of the plaintiff's vested interest in his office, for which he would not have an adequate remedy at law;

That he is able, competent and willing to discharge the duties of his office, and is unwilling to be summarily dismissed therefrom for no other reason than that he is of opposite politics to those of the defendant White, collector of internal revenue;

That the said collector has no power, right or authority to remove the plaintiff from his office, or to appoint any other to take his place and thereby effect his removal; that the defendants Hoult, Sutton, Staubley and Thayer have no right or authority to take the oath of office and otherwise qualify and appear to take the position, and thereby assist in the

removal of the plaintiff, and as there were no vacancies created either by removals or resignations, and there being fifteen per cent now commissioned more than sufficient to perform the duties of storekeepers and gaugers in that district, if they were permitted so to do it would be in violation of law as well as of the rights and vested interests of the plaintiff; and,

That unless White be enjoined from so doing he will remove the plaintiff, and unless his codefendants are enjoined from qualifying as officers of the United States to take the place of the plaintiff at the distillery they would in that manner effect the removal of the plaintiff from his office, they having expressed their intention to accept such appointment and assignments.

The relief asked was an injunction restraining and prohibiting the defendant White, collector, and all others by and through him, "from removing him from the position of gauger until a vacancy is created according to law, as an officer of. the United States aforesaid, and also from recommending, assigning and appointing any person to the same position, and from proceeding in the attempt to make such removal, and in any other manner interfering with your complainant;" and also, that Hoult, Sutton, Staubley and Thayer and all other persons be enjoined, restrained and prohibited "from qualifying as gauger to take the place of your complainant at said distillery, or in any other way aid or assist in the removal of your said orator, or performing or discharging any of the duties of said office," and for such other and general relief as to equity might seem just and right.

In conformity with the motion by the plaintiff for a temporary restraining order, it was adjudged, ordered and decreed "that A. B. White, United States collector of internal revenue for the District of West Virginia, be and is hereby restrained, enjoined and inhibited from recommending, appointing or aiding in the appointment of A. L. Hoult, John D. Sutton, Anthony Staubley or any other person, to said position, and from removing the said complainant Berry aforesaid, until a vacancy therein is created by law, and from assigning and ap-

pointing any person to the same position, and from proceeding in the attempt to make such removal, and in any other manner interfere with the said complainant Berry in the said office, as aforesaid." It was further adjudged, ordered and decreed "that A. L. Hoult, John D. Sutton, Anthony Staubley and all other persons be, and they are hereby, enjoined and prohibited from acting as gauger in the place and stead of the said complainant Berry, as aforesaid, or in discharging any of the duties of the said office, until the further order of this court."

The answer of the defendants states that on the 30th day of September, 1897, the Commissioner of Internal Revenue made an order relieving plaintiff from assignment to duty as gauger at the Hannis distillery, and on the same day telegraphed the plaintiff to that effect; that on the same day the Commissioner telegraphed defendant Thayer, assigning him to duty as gauger at that distillery, and on the 1st day of October, 1897, he took charge as such gauger, and was in charge when defendant White, collector, visited the distillery on that day; that Thayer took charge before 8 o'clock in the morning of October 1st, and before the granting of the injunction, and before any service upon or other notice of any kind of the granting of or application for the injunction to Thayer, White or any of the defendants; that the recommendation of defendant White to the Commissioner, that the plaintiff be relieved from duty as aforesaid, was made prior to the institution of this suit; that it has been the general policy of the Internal Revenue Bureau to rotate the assignments of storekeepers and gaugers for the purpose of securing to such storekeepers and gaugers a fair proportion of employment and for the purpose of preventing collusion between distillery officials, and otherwise protecting the interests of the Government; that plaintiff having been on duty for a long time prior to the 30th day of September, 1897, as gauger, it was deemed by the Commissioner fair and right among the several gaugers, and for the best interests of the public service, to relieve plaintiff from assignment to duty at the Hannis distillery.

Admitting in their answer that the plaintiff was an officer

of the United States, duly appointed and commissioned, and that he did not hold his position at the discretion of the collector of internal revenue, the defendant White denied that the plaintiff was well equipped and qualified to discharge all the duties of gauger, but that from the records of his office and of the Department for the previous three months, during which he has been collector, the plaintiff was not a first-class gauger, and was culpably careless in his work, and that it was largely because of information he had received that defendant White recommended to the Commissioner that the plaintiff be relieved from duty as gauger at that distillery ; that the defendant White, as collector, had never declared his intention to appoint any one of the other defendants or any one else a storekeeper or gauger, knowing full well and recognizing the fact that storekeepers and gaugers are and can be appointed by the Secretary of the Treasury only ; that the Secretary of the Treasury reinstated Hoult as gauger, Staubley as storekeeper, and Thayer as gauger in 1897, in accordance with the laws of the United States and in accordance with the Civil Service law, each having first been certified as eligible to such reinstatement by the Civil Service Commission ; and that Hoult, Sutton, Staubley and Thayer had all been duly commissioned and executed bonds and qualified prior to the institution of this suit; and that defendant White never declared his intention to reinstate any of said officers or assign them to duty in the place of the plaintiff, recognizing fully that he had no such authority, and that neither Hoult nor Staubley had been assigned to duty since their reinstatement.

The defendant White admitted that he was a Republican in politics, and the defendants admitted that the plaintiff was a Democrat in politics. White denied that he ever signified or declared his intention to remove the plaintiff from office or put the defendants or any one else in his place, for the reason that the plaintiff was a Democrat in politics, and for no other reason to appoint or recommend in his stead a Republican ; that in fact and in law he could have nothing to do with the removal or appointment of a storekeeper or a gauger unless it be to recommend the same; that in short the appointments

of storekeepers and gaugers and their removals could be made only by the Secretary of the Treasury.

The defendants alleged that the revocation of assignment complained of by the plaintiff was made by the Commissioner, whom the defendants understood was a Democrat.

The defendants admitted that the office of gauger held by the plaintiff was in the classified service, and belonged to what was known as the Civil Service; but alleged that so far as they knew the plaintiff had not been removed, but on the contrary still held the position of United States gauger; that the fact that he had been relieved from assignment to duty at the Hannis distillery did not remove. him from office; that he might be assigned to duty or transferred or non-assigned at any time by the Commissioner of Internal Revenue; that the plaintiff could not in this manner question the right of the Commissioner to assign a United States gauger at a distillery or relieve one who has already been assigned; that the Commissioner had the right to assign to duty a United States gauger, and to determine how long he shall remain on duty under such assignment; and that. no law, executive order, or rule or regulation of the Civil Service Commission was violated by the Commissioner doing as he had done in this case. in exercising the authority conferred upon him by the acts of Congress by assigning a gauger to duty at the said distillery and relieving from duty the plaintiff, who had been theretofore assigned to duty at the same distillery by the Commissioner and by the same act of Congress.

The defendants admitted that the plaintiff was willing to continue in office, but the defendant White charged that he was a careless officer, and that if any attempt was or should be made to remove or dismiss him from the service, it would not be for the reason that he was of opposite politics to those of the collector.

The answer concludes:

"Replying to allegation No. 13 in plaintiff's bill, the defendants again say that the defendant White claims no right or authority to remove the said plaintiff from office or to appoint any one in his place, and that he never has claimed

any such authority. The defendants say that the defendants
Hoult, Sutton, Staubley and Thayer, having been duly ap-
pointed to the positions respectively held by each of them by
the Secretary of the Treasury the right to hold said po-
sitions cannot be questioned in this or any other collateral
proceeding; that the question of whether there were or were
not vacancies at the time these appointments were made can-
not be determined in this suit. Neither of said defendants
Hoult, Sutton, Staubley or Thayer was appointed in place of
the plaintiff. The appointment of neither could affect the
plaintiff, and whether the Secretary of the Treasury has more
of these officers in commission than he is entitled to have
under the law is not a question which can be raised by the
plaintiff in this suit. It cannot be ascertained in this proceed-
ing whether or not 15 per cent or any other number of offi-
cers are now in commission more than are sufficient to perform
the duties of storekeepers or gaugers in this collection district.
This court, it is respectfully suggested, will not undertake to
ascertain the number of distilleries in operation and to be
placed in operation in said collection district and the number
of storekeepers and gaugers to be placed on duty at such dis-
tilleries. It is submitted that these are questions to be de-
termined by the Treasury Department, and must be supposed
to have been determined before such appointments were
made, and the appointments made in conformity to the in-
terests and requirements of the public service. Defendants
therefore deny that by the appointment of the defendants
Hoult, Sutton, Staubley and Thayer more storekeepers and
gaugers were placed in commission than were sufficient to
perform the duties of such officers in said district.

"The defendants deny that the appointment and qualifica-
tion of said Hoult, Sutton, Staubley and Thayer will make
necessary the removal of the plaintiff. The defendants,
further answering, say that the defendant Hoult was on the
— day of ——, 1889, appointed a United States gauger; that
on the — day of ——, 1893, after having served about four
years, and there having been a change of administration, he
was removed from said position through no delinquency or

misconduct of his; that during the late war of the rebellion he served in the military service of the United States, and was honorably discharged therefrom; that availing himself of Rule IX of the Civil Service regulations, he made application to the Secretary of the Treasury to be reinstated to the position from which he had been removed; that defendants are informed that said petition, together with the requisition of the proper officer of the Treasury Department, were referred to the Civil Service Commission, and his eligibility having been properly certified by said Commission, he was reinstated and reappointed by the Secretary of the Treasury. Said petition was originally filed with E. M. Gilkeson, late collector of internal revenue, and, together with the recommendation of said collector, forwarded to the Commissioner of Internal Revenue. The defendants insist that in making said appointment or reinstatement the Secretary of the Treasury acted in strict conformity with the acts of Congress and the rules and regulations of the Civil Service Commission. The defendants Sutton, Staubley and Thayer were similarly reinstated and reappointed as storekeepers and gauger. The defendant A. B. White says that the recommendation made by him to the Commissioner of Internal Revenue relative to the plaintiff was made prior to or on the 29th day of September, 1897, and the said recommendation was made in part because the said plaintiff had been on duty for some time, and in part for the reasons hereinbefore stated. Said defendants further say that they believe and charge that the reinstatement and appointment of said defendants Hoult, Sutton, Staubley and Thayer were not made by the Secretary of the Treasury for political reasons, nor was the plaintiff relieved from duty as aforesaid at the Hannis distillery by the Commissioner of Internal Revenue for political reasons, nor the said Thayer assigned to duty at the said distillery for political reasons."

The cause having been heard upon the bill, the demurrer to the bill, the answer and a general replication thereto, the affidavits filed by the parties, and upon the plaintiff's motion to perpetuate the injunction theretofore granted, a final order was made "restraining and inhibiting the defendant White,

the collector of the district, the appointing power, the defendant Thayer, and all others, from in anywise interfering with the plaintiff H. C. Berry in the possession of his office and in the discharge of his duty as gauger at the Hannis distillery, located in the town of Martinsburg, W. Va., until he shall be removed therefrom by proper proceedings had under the Civil Service Act and the rules and regulations made thereunder or by judicial proceedings at law; and the said collector having applied heretofore to the court for leave to the Commissioner to appoint temporarily a gauger pending this litigation, he, the said collector, is required and directed to recommend and the Commissioner of Internal Revenue to transfer the temporary gauger heretofore assigned, and to permit the said gauger Berry undisturbed to discharge the duties of his office as gauger, unless hereafter removed as hereinbefore provided."

*Mr. Assistant Attorney General Boyd* and *Mr. Joseph H. Gaines* for appellants.

*Mr. Charles J. Faulkner* for appellee.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

In the opinion delivered by the learned District Judge, who heard this and other cases involving the same questions as those now presented, it was held: 1. That the act known as the "Civil Service Act" was constitutional. 2. That Congress has not delegated to the President and the Commission legislative powers. 3. That by rule 3, section 1, the internal revenue service has been placed under the Civil Service Act and rules made in pursuance of it. 4. That the plaintiffs in these actions are officers of the Government in the internal revenue service. 5. That they cannot be removed from their positions except for causes other than political, in which event their removal must be made under the terms and provisions of the Civil Service Act and the rules promulgated under it,

which, under the act of Congress, became a part of the law.
6. That the attempt to change the position and rank of the
officers in these cases was in violation of law.   7. That a court
of equity has jurisdiction to restrain the appointing power from
removing the officers from their positions if such removals are
in violation of the Civil Service Act.   83 Fed. Rep. 578.

On behalf of the Government it is insisted that the Circuit
Court of the United States, sitting in equity, was without
jurisdiction to entertain this suit and to grant the relief asked in
the bill. If this position be well taken, it will be unnecessary
to consider the other questions discussed in the able and elabo-
rate opinion of the District Judge.

In *Sawyer's case*, 124 U. S. 200, 223, Chief Justice Waite, in
a dissenting opinion, said that he was not prepared to hold
that an officer of a municipal government could not, under
any circumstances, apply to a court of chancery to restrain the
municipal authorities from proceeding to remove him from
his office without authority of law; that there might be cases
when the tardy remedies of quo warranto, certiorari and other
like writs would be entirely inadequate.   In that view of the
jurisdiction of equity the writer of this opinion concurred at
the time the court disposed of that case.

But the court in its opinion in that case observed that
under the Constitution and laws of the United States the dis-
tinction between common law and equity, as existing in
England at the time of the separation of the two countries,
had been maintained, although both jurisdictions were vested
in the same courts, and held that a court of equity had no
jurisdiction over the appointment and removal of public offi-
cers, and that to sustain a bill in equity to restrain or relieve
against proceedings for the removal of public officers would
invade the domain of the courts of common law, or of the
executive and administrative departments of the govern-
ment.

After referring to numerous authorities, American and
English, in support of the general proposition that a court
of chancery had no power to restrain criminal proceedings,
unless they had been instituted by a party to a suit already

pending before it, and to try the same right that was in issue there, the court proceeded : " It is equally well settled that a court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is entrusted to a judicial tribunal. The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, quo warranto or information in the nature of a writ of quo warranto, according to the circumstances of the case, and the mode of procedure established by common law or by statute. No English case has been found of a bill for an injunction to restrain the appointment or removal of a municipal officer. But an information in the Court of Chancery for the regulation of Harrow School within its undoubted jurisdiction over public charities was dismissed so far as it sought a removal of governors unlawfully elected, Sir William Grant saying : ' This court, I apprehend, has no jurisdiction with regard either to the election or a motion of corporators of any description.' *Attorney General* v. *Clarendon,* 17 Ves. 488, 491. In the courts of the several States the power of a court of equity to restrain by injunction the removal of a municipal officer has been denied in many well-considered cases," — citing *Tappan* v. *Gray,* 3 Edw. Ch. 450, reversed by Chancellor Walworth on appeal, 9 Paige, 507, 509, 512, whose decree was affirmed by the Court of Errors, 7 Hill, 259 ; *Hagner* v. *Heyberger,* 7 Watts & Serg. 104 ; *Updegraff* v. *Crans,* 47 Penn. St. 103 ; *Cochran* v. *McCleary,* 22 Iowa, 75 ; *Delahanty* v. *Warner,* 75 Illinois, 185 ; *Sheridan* v. *Colvin,* 78 Illinois, 237 ; *Beebe* v. *Robinson,* 52 Alabama, 66 ; and *Moulton* v. *Reid,* 54 Alabama, 320.

The rule established in *Sawyer's case* was applied in *Morgan* v. *Nunn,* 84 Fed. Rep. 551, in which Judge Lurton said that " a court of equity will not, by injunction, restrain an executive officer from making a wrongful removal of a subordinate appointee, nor restrain the appointment of another." Similar decisions have been made in other Circuit Courts of

the United States; by Judges Pardee and Newman, in *Couper* v. *Smyth*, Northern District of Georgia, 84 Fed. Rep. 757; by Judge Kirkpatrick, in *Page* v. *Moffett*, District of New Jersey, 85 Fed. Rep. 38; by Judge Jenkins, Northern District of Illinois, in *Carr* v. *Gordon*, 82 Fed. Rep. 373, 379, and by Judge Baker, District of Indiana, in *Taylor* v. *Kercheval*, 82 Fed. Rep. 497, 499.

If the assignment of some one to duty as gauger at the Hannis distillery, in the place of the plaintiff, did not work his removal from office, a court of equity ought not to assume to control the discretion which under existing statutes the Executive Department has in all such matters. Interference by the judicial department in such cases would lead to the utmost confusion in the management of executive affairs.

. But the plaintiff contends that the assignment of some one to duty in his place at the Hannis distillery is, in effect, a removal of him from his office in violation of law, and that the object of the proceedings against him was to bring about that result. But, under the authorities cited, such proceedings cannot be restrained by a court of the United States, sitting in equity, and therefore the court below erred in passing the final decree which has been brought here for review.

Without expressing any opinion upon other questions so fully discussed by counsel, we hold that the Circuit Court, sitting in equity, was without jurisdiction to grant the relief asked.

*The decree below is reversed, and the cause is remanded with direction to dismiss the bill.*

MR. JUSTICE McKENNA took no part in the decision of this case.