[Civ. No. 5031. Third Appellate District.—February 16, 1934.]

CHARLES T. SHARPE, Respondent, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Joseph T. Watson, Deputy City Attorney, for Appellants.

Lewis E. Whitehead and Earl Glen Whitehead for Respondent.

THOMPSON, J.—The defendants have appealed from an order for an injunction *pendente lite* which was made in a suit in equity restraining the City of Los Angeles from discharging the plaintiff as an employee in the bureau of engineering in the department of public works of that city. It is claimed he had attained permanent tenure under civil service. The issue on appeal is whether a court of equity has jurisdiction to determine by injunction the tenure of an employee of a city as distinguished from an officer.

In the complaint for injunction it is alleged that the plaintiff was employed in the bureau of engineering of the department of public works in the City of Los Angeles, pursuant to an ordinance designating the number of persons to be employed in that department, and that he had secured permanent tenure therein under civil service and was entitled to retain his position by virtue of seniority; that the City of Los Angeles subsequently passed an ordinance dispensing with the services of several employees in that department, including petitioner, and had reclassified those who remained; that this last-mentioned ordinance is in conflict with the rules of civil service which are in force in said city, and that the petitioner has been notified by the City of Los Angeles of his discharge and unless it is restrained therefrom, the plaintiff will be wrongfully dismissed. The defendants demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action in equity authorizing the issuing of a writ of injunction. The demurrer was overruled. An injunction *pendente lite* was thereupon issued restraining the City of Los Angeles and its officers and agents from discharging the plaintiff from the engineer's office in the department of public works. From the order directing the issuing of an injunction *pendente lite* the defendants have appealed.

It is well established that equity ordinarily lacks jurisdiction to enjoin the appointment or removal of a public officer, and that injunction will not usually be granted to restrain an individual from exercising the duties of such office pending the determination of his legal right thereto.

In other words, title to a public office may not be tried in a suit for injunction. (*Barendt* v. *McCarthy*, 160 Cal. 680 [118 Pac. 228]; *Purviance* v. *Compton*, 94 Cal. App. 277 [271 Pac. 120]; *In re Sawyer*, 124 U. S. 200 [8 Sup. Ct. 482, 31 L. Ed. 402]; *White* v. *Berry*, 171 U. S. 366 [18 Sup. Ct. 917, 43 L. Ed. 199]; High on Injunctions, 4th ed., p. 1325, sec. 1312; 32 C. J., p. 258, sec. 406; 46 C. J., p. 1007, sec. 215; 14 R. C. L., p. 374, sec. 76.) In the authority last cited, the general rule regarding a controversy over the title to a public office is stated as follows:

"It is a general rule that a court of equity has no jurisdiction in matters of a political nature, and that no injunction to protect a person in the enjoyment of a political right or to assist him in acquiring such a right will be granted. No such jurisdiction has ever been conceded to a chancery court, either by the English or American judiciary. . . . To assume jurisdiction to control the exercise of political powers, or to protect the purely political rights of individuals, would be to invade the domain of the other departments of government, or of the courts of common law. In line with this principle *courts of equity have uniformly refused to interfere by injunction in controversies relating to public office.* Thus, such right as a person may have to hold a public office is not a property right which equity will enforce, although he may have a right in the emoluments of his office which he may enforce in an action at law to recover the same, nor, on the other hand, will it interfere by injunction to prevent a person from entering on the duties of a public office."

Likewise, the late Mr. Justice Harlan, speaking for the United States Supreme Court, said in rendering the opinion in the case of *White* v. *Berry, supra:* "It is equally well settled that a court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is entrusted to a judicial tribunal. The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by *certiorari*, error or appeal, or by *mandamus*, prohibition, *quo warranto*, or information in the nature of a writ of *quo warranto*, according to the circumstances of the case, and the mode of procedure established by common law or by statute."

Quoting approvingly from the case of *Morgan* v. *Nunn,* 84 Fed. 551, that court further says: "A court of equity will not, by injunction, restrain an executive officer from making a wrongful removal of a subordinate appointee, nor restrain the appointment of another."

The respondent, however, contends that the foregoing rule with respect to the jurisdiction of a court of equity has no application to the present case for the reason that the petitioner is an employee of the City of Los Angeles and not an officer. Several authorities are cited which attempt to define an officer as distinguished from a mere employee. Frequently this distinction becomes vital to the determination of the particular issues which are involved in litigation. We are, however, of the opinion that the technical definition of the term "public officer" is not necessarily determinative of the jurisdiction of equity in a suit involving the title of an individual to his position as an agent of any branch of government, federal, state or municipal.

The real issue in the present case is whether the petitioner is acting as an agent of the City of Los Angeles in his employment under the authorization of an ordinance of that city, or whether he is an independent employee who is serving the city in a contractual relation. It is not a question as to whether the plaintiff holds a public office in the technical sense in which that term is frequently used, but rather, does the controversy over the plaintiff's alleged right to hold the position which he occupies necessarily involve the performance of prescribed duties within the functions of the municipal government of the City of Los Angeles. It has been determined that the duties and powers which are to be exercised by an individual determine his relationship to the municipality or other governmental agency, rather than the mere name which is assigned to his position. (21 Cal. Jur. 824, sec. 8; *Coulter* v. *Pool,* 187 Cal. 181, 186 [201 Pac. 120, 123]; *Logan* v. *Shields,* 190 Cal. 661 [214 Pac. 45]; *Rand* v. *Collins,* 214 Cal. 168, 172 [4 Pac. (2d) 529]; *Staheli* v. *City of Redondo Beach,* 131 Cal. App. 71, 79 [21 Pac. (2d) 133].) In the Coulter case, *supra,* regarding the status of a public officer, it is said:

"Its definition and application depend not upon what the particular office in question may be called, nor upon what a statute may call it, but upon the power granted and wielded,

the duties and functions performed and other circumstances which manifest the true character of the position and make and mark it a public office, irrespective of its formal designation. (*Knox* v. *Board of Supervisors of Los Angeles County*, 58 Cal. 59; Mechem on Public Offices, sec. 4; *Hartigan* v. *Board*, 49 W. Va. 14 [38 S. E. 698].) A public office is ordinarily and generally defined to be the right, authority, and duty, created and conferred by law, the tenure of which is not transient, occasional, or incidental, by which for a given period an individual is invested with power to perform a public function for the benefit of the public. (*State* v. *Jennings*, 57 Ohio St. 415 [63 Am. St. Rep. 723, 49 N. E. 404].)

"A public officer is a public agent and as such acts only on behalf of his principal, the public, whose sanction is generally considered as necessary to give the act performed by the officer the authority and power of a public act or law. The most general characteristic of a public officer, which distinguishes him from a mere employee, is that a public duty is delegated and entrusted to him, as agent, the performance of which is an exercise of a part of the governmental functions of the particular political unit for which he, as agent, is acting."

Applying the facts in the present case, as they are related in the complaint, to the foregoing definition of a public officer, as that term is there used, for the purpose of determining whether equity will assume jurisdiction in a controversy involving the right of an employee to hold his position, it clearly appears the plaintiff was employed in the bureau of engineering of the public works department of Los Angeles as an agent of that city for the performance of specific duties incident to the government of the city. His status in that capacity divests equity of jurisdiction to determine his right to hold the position, and precludes the issuing of an injunction to prevent his dismissal. His position in that office was created by ordinance, with a fixed tenure prescribed by the terms of civil service. His duties as such agent of the city are classified and prescribed by ordinance. Neither the term of his employment nor his duties are "transient, occasional, incidental", contractual or uncertain. Upon the contrary, they are fixed by law. In effect he is an assistant in the engineer's office to perform

designated duties for the city which are strictly within the political functions of the municipality. For that reason, equity will not interfere with the affairs of the city, and an injunction will not issue to restrain the dismissal of such an officer.

■ Nor is equity vested with jurisdiction under the circumstances of this case merely because the tenure of the plaintiff's position is determined by resort to the civil service law, instead of having been definitely fixed by ordinance or statute. In the case of *White* v. *Berry, supra,* it was held that the removal of a gauger who was appointed in the federal service, and whose tenure was determined by the rules of civil service, could not be enjoined by equity, even though his removal was in violation of law. In support of his contention that equity has jurisdiction in the present case for the reason that the plaintiff is a mere employee of the City of Los Angeles, as distinguished from an officer thereof, the respondent cites 6 McQuillin's Municipal Corporations (2d ed.), page 545, section 2666, which reads as follows: ''Equity has jurisdiction to restrain municipal officers from removing employees until the validity of such action may be determined by virtue of charters and ordinance provisions.''

The case of *State* v. *Lucas,* 236 Mo. 18 [139 S. W. 348], is the only authority cited in support of that declaration of law. In the Lucas case it was held that injunction will lie to restrain the unlawful dismissal of certain clerks employed in the waterworks department of Kansas City, notwithstanding the fact that their tenure was fixed by civil service. The court said: ''These plaintiffs are not public officers; they are mere clerks, mere employees.'' In a proper case, under circumstances showing that an employee is engaged in performing work for a municipality of a contractual nature, and that he is not an agent for the city in the performance of its governmental affairs, it seems clear that equity will assume jurisdiction to determine his property rights by means of injunction. Apparently the Lucas case extends the jurisdiction of equity far beyond that limitation. That case was decided on the theory that a mere employee, as distinguished from an officer, possessed property rights in the tenure of his position which entitle him to resort to equity. If that is the purport of the decision, it is in conflict with the great weight of authority in nearly every other

state in the Union, as well as in the federal courts. In applying the principle which declares that equity will not interfere to determine the title to a position which involves the governmental affairs of a city, state or nation, we are unable to distinguish any essential difference between an officer and an employee whose position is created by ordinance or statute with his duties classified and prescribed and his tenure fixed by civil service rules. Both classes appear to be agents for the performance of specific governmental functions.

In California it has been definitely held that a controversy over the right to hold office involves none of the characteristics of property rights. In *Matter of Carter,* 141 Cal. 316 [74 Pac. 997], it is said in that regard: "Here we have a controversy between the office-holder and that functionary of sovereignty who is invested with the power of removal, and the question is whether or not the officer (fire commissioner) has a right to the office which the sovereign power which conferred it must respect as private property. The authorities are uniform that in such a controversy the office has not the characteristics of property. (Throop on Officers, secs. 345, 346, subds. 17–19; *Conner* v. *Mayor, etc.,* 5 N. Y. 296; Id., 2 Sandf. (4 N. Y. Super. Ct.) 369; *Nichols* v. *MacLean,* 101 N. Y. 533 [5 N. E. 347, 54 Am. Rep. 730]; *Hoboken* v. *Gear,* 27 N. J. L. 273; *Kenny* v. *Hudspeth,* 59 N. J. L. 322 [36 Atl. 662]; *State* v. *Council,* 53 Minn. 242 [55 N. W. 118, 39 Am. St. Rep. 595]; *Donahue* v. *County of Will,* 100 Ill. 94.)"

Among the authorities there appears to be some confusion in the application of the general rule that injunction will not lie to determine title to a public office. Missouri, Kentucky and Texas have held that injunction would lie under certain circumstances. The great weight of authority in most of the states and in the federal courts adheres strictly to the rule that equity has no jurisdiction in cases affecting the tenure of public officers. In the case of *City of Electra* v. *Taylor,* (Tex. Civ. App.) 297 S. W. 496, the court held that: "Inasmuch as plaintiff (Chief of Police) alleged merely that the defendants were threatening to relieve him of his official positions, and inasmuch as plaintiff was still occupying said positions at the time of the filing of the suit, we hold that injunction rather than *mandamus* was the proper remedy."

So, also, in the case of *Bonner* v. *Belsterling,* (Tex. Civ. App.) 137 S. W. 1154, it was held that injunction was a proper remedy on the part of a duly elected member of a city board of education to prevent another claimant from wrongfully ousting him from office. These last-mentioned cases appear to be in conflict with the well-established rule in regard to trying title to a public office by means of injunction. Indeed, Texas appears to have later reached a different conclusion in the case of *Miles* v. *Logan,* (Tex. Civ. App.) 265 S. W. 421. In that case, Miles, who was the city clerk of Port Arthur, sought to restrain the city commissioners from removing him from office. The court said: "If appellant is not out of office, he cannot have his injunction to restrain the city commission from removing him. On the allegations of his petition, the power to remove a civil service employee of the City of Port Arthur is vested in the city commission, and the form and manner of removal is fully prescribed by duly enacted city ordinances. It is the law of this state that 'Courts of equity will not interfere to protect a person from removal from office by a man or body of men to whom the power to remove is given by law.' "

In support of the injunction *pendente lite,* the respondent relies chiefly on the foregoing Missouri, Kentucky and Texas cases above cited. But he also cites the case of *Priddie* v. *Thompson,* 82 Fed. 186, 190, wherein the United States District Court, quoting with approval from the dissenting opinion which was rendered in the case of *Ex parte Sawyer,* 124 U. S. 223 [8 Sup. Ct. 482, 31 L. Ed. 402], says "equity will intervene in a proper case to protect a *de facto* officer against interference on the part of adverse claimants". The Sawyer case did not so hold. The Priddie case, however, has been disapproved and is not in accord with numerous other federal cases which hold exactly the contrary. In the later case of *Morgan* v. *Nunn,* 84 Fed. 551, the United States Circuit Court said:

"The same questions arose before Judge Jenkins in *Carr* v. *Gordon,* 82 Fed. 373, and *Taylor* v. *Kercheval,* 82 Fed. 497, and was by each of those learned judges elaborately considered; and both came to the conclusion that the rules regulating removals in the classified service were mere executive orders, not having the force or effect of law, and that, aside from this, *a court of equity will not, by injunction, pre-*

*vent a removal from office or restrain an appointment.* A contrary view was taken by Judge Jackson . . . in *Priddie* v. *Thompson,* 82 Fed. 186, but I find myself unable to concur with the reasoning of that learned judge.''

For the foregoing reasons we are persuaded that equity is without jurisdiction to restrain the City of Los Angeles or its agents from discharging the plaintiff. Equity has no jurisdiction to determine the title of the plaintiff to the position which he occupies.

The order granting the injunction *pendente lite* is therefore reversed.

Plummer, J., and Pullen, P. J., concurred.