**BREINER et al. v. KNISKERN et al.**

Civ. A. No. 7694.

United States District Court
E. D. Pennsylvania.
May 31, 1950.

Claude L. Dawson, Washington, D. C., I. G. Gordon Forster (of Forster & Baldi), of Philadelphia, Pa., for plaintiffs.

Eugene Maher, Claims Div., Dept. of Justice, Washington, D. C., Gerald A. Gleeson, U. S. Atty., Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

BARD, District Judge.

This case is now before me on the motion of the plaintiffs Fisher, Goddard, Wolf, Bregger, Warren and Evans for summary judgment, and on the defendants' motion to dismiss the complaint or for summary judgment.

There are nine plaintiffs in this action; all are honorably discharged veterans of our armed services and are classified civil service employees of the United States in the Philadelphia Naval Shipyard. The defendants, named in their official capacity, are the Commandant of the Shipyard, the Industrial Relations Officer of the Shipyard, the Assistant to the Industrial Relations Officer, and six classified civil service employees in the Shipyard.

Between July 8 and August 13, 1947, inclusive, each of the plaintiffs was notified in writing by the Industrial Relations Officer that there would be a readjustment of the supervisory force, and that for the efficiency of the service each would be demoted in rank, grade and salary effective between September 8 and October 6, 1947,

inclusive. Nonveterans were to be demoted to, or retained in, the positions from which the plaintiffs were to be demoted.

On September 2, 1947 the plaintiffs filed this complaint under the Act of August 23, 1912, as amended by the Act of February 28, 1916[1], and under the Veterans' Preference Act of 1944[2]. The original prayer for relief asks this Court to enjoin the defendants from effecting the proposed demotions, and to remove the defendants summarily from office for knowingly violating this Act of 1912, as amended by the Act of 1916.

The plaintiffs also filed appeals from the proposed demotions with the Civil Service Commission. While these appeals were pending, Judge Ganey, on December 8, 1947, dismissed the complaint for failure to exhaust administrative remedies. Breiner v. Wallin, D. C., 79 F.Supp. 506. On or about January 5, 1948 the plaintiffs were demoted. Thereafter, the administrative remedies were exhausted. On October 4, 1948[1] the Court of Appeals for the Third Circuit vacated the dismissal of the complaint and remanded it for further consideration on the ground that in the meantime the plaintiffs had exhausted their administrative remedies.

As a result of their appeals to the Civil Service Commission, the plaintiffs Breiner and Beeson have been retored to their former positions. Therefore, as to these plaintiffs the cause of action alleged herein is moot and will be dismissed.

The plaintiff Callahan has filed another complaint with this Court. Civil Action 8613. In that suit a preliminary injunction was granted, and he has been restored to his former rank, grade and salary. Since he has elected to pursue the identical remedy in that suit, his cause of action in this complaint will be dismissed.

As to the remaining plaintiffs' Fisher, Goddard, Wolf, Bregger, Warren and Evans, the complaint must be dismissed for lack of jurisdiction. The reasons hereinafter assigned are also additional reasons

1. Act of August 23, 1912, c. 350, § 4, 37 Stat. 413, as amended by Act of February 28, 1916, c. 37, § 1, 39 Stat. 15, 5 U.S. C.A. § 648.

2. Act of June 27, 1944, c. 287, § 1 et seq., 58 Stat. 387, as amended, 5 U.S.C.A. § 851 et seq.

1. No opinion filed in this case.

for dismissing the complaint as to plaintiffs Breiner, Beeson, and Callahan.

There have been several suits filed in this Court which have arisen out of a readjustment of the supervisory force in the Shipyard. One of these suits was Hopkins et al. v. Wallin et al., Civil Action No. 8848.

The facts of this case, as they now exist, are identical with the facts in the Hopkins case, and the relief sought here is the same as that which was granted in the Hopkins case. The plaintiffs have been demoted, and nonveterans have been retained in the positions from which the plaintiffs were demoted. Each of the plaintiffs had efficiency ratings of "good" or better. They contend that whether or not the nonveterans were actually more efficient than they, their rights under the aforementioned Acts have been violated by their demotions.

A preliminary mandatory injunction, restoring the plaintiffs to their former position, was granted in the Hopkins case. On appeal the Court of Appeals for the Third Circuit vacated that injunction and remanded the case for further consideration on the grounds that no findings of fact had been made, and that no bond had been deposited. Hopkins et al. v. Wallin et al., 179 F.2d 136. However, in a dictum statement, that Court also added a word of caution to this Court when it said, "The question of whether relief can be granted at all is not passed upon. But see the excellent opinion of Judge Driver in Palmer v. Walsh, D.C., 78 F. Supp. 64." 179 F.2d at page 137.

In the Palmer case, the plaintiff was a discharged civil service employee of the War Department who was seeking reinstatement in her former or a comparable position. Judge Driver ruled that whether the action be treated "(1) as in the nature of a petition for a writ of mandamus (2) as a suit for a declaratory judgment, or (3) as a suit for a mandatory injunction," 78 F. Supp. at page 65, the complaint must be dismissed for lack of jurisdiction.

■ There has been some quibbling in this case whether the plaintiffs desire restoration to or reinstatement in their former positions. Whatever is the proper term, the plaintiffs want to get their old jobs back. The basic problems raised by the primary relief sought in this case are the same as those which confronted Judge Driver in the Palmer case. In view of the admonition given by the Court of Appeals in the Hopkins case, I do not deem it necessary to repeat the logic of Judge Driver's words in order to reach a like conclusion in this case. Cf. Money v. Wallin et al., D.C.E.D. Pa. 1950, 88 F.Supp. 980.

Nor does the fact that they are veterans give the plaintiffs any consolation. I find nothing in the Acts under which this suit has been brought which gives this Court the jurisdiction to grant the desired relief.

■ Neither do I have the jurisdiction to remove the defendants summarily from office.

The Act of August 23, 1912 provides in part that "Any person knowingly violating the provisions of this section [which gives veterans a preference over nonveterans in the event of reductions in force] shall be summarily removed from office * * *." 5 U.S.C.A. § 648.

I will not do indirectly that which I have no jurisdiction to do directly. In order to determine whether any violation, knowingly or unwittingly, has been committed by the defendants, I would have to determine the very issues which are the heart of the primary relief requested by the plaintiffs. This I will not do.

Furthermore, this statute is found in that portion of the United States Code Annotated which outlines the duties and responsibilities of the Civil Service Commission. 5 U.S.C.A. c. 12, § 631 et seq. The finding and conclusion that the defendants should be summarily removed from office should come originally from that Commission. No jurisdiction has been given to this Court to make such a determination. Cf. White v. Berry, 171 U.S. 366, 18 S.Ct. 917, 43 L.Ed. 199.

Inasmuch as this Court has no jurisdiction to hear this cause, it is not necessary for me to rule on the other motions which have been presented. Nor have I deter-

mined the validity of the other contentions advanced by the defendants in support of their motion to dismiss.

The plaintiffs' motion for summary judgment is denied. The defendants' motion to dismiss the complaint is granted.

