CALLAWAY COUNTY AGRICULTURAL STABILIZATION AND CONSERVATION COMMITTEE et al.

v.

MISSOURI AGRICULTURAL STABILIZATION AND CONSERVATION COMMITTEE et al.

No. 506.

United States District Court
W. D. Missouri, Central Division.
June 25, 1954.

Baker & Baker, by Frazier Baker, Fulton, Mo., for plaintiffs.

Edward L. Scheufler, U. S. Atty., Horace W. Kimbrell, Asst. U. S. Atty., Kansas City, Mo., for defendant.

RIDGE, District Judge.

The matter presented to the Court by the amended and supplemental complaint herein revolves around the dismissal from office of the individual plaintiffs, as members of the "Callaway County Agricultural Stabilization and Conservation Committee" under the "Soil Conservation and Domestic Allotment Act". 16 U.S.C.A. § 590h(b). Their removal from office was by action of the "Missouri Agricultural Stabilization and Conservation Committee" allegedly pursuant to rules and regulations promulgated by the Secretary of Agriculture perforce the provisions of the Act.

It is difficult to determine the true nature of the action the individual plaintiffs here seek to maintain; that is, whether it is one brought for a declaratory judgment, or injunctive relief with respect to their claimed official capacity as members of the "Callaway County ASC Committee," against the individual

defendants in their official capacity as members of the "Missouri ASC Committee," or whether such action is sought to be maintained by them as individuals against the individuals named as defendants. It may be inferred from the allegations of the complaint, as the defendants do, that this is an action between two "agencies of the United States under and by virtue of the Soil Conservation and Domestic Allotment Act," and hence this is a suit by the United States against the United States. However, we shall treat it as an action by the plaintiffs individually against the individual named defendants. The plaintiffs do not clearly allege any facts, or undertake to point out to us how or what right they have to maintain this action in their claimed official capacity, and we will not assume they have any such right. That the relief sought is not such as would accrue to the benefit of the United States, is readily apparent. For that reason, the official status of the parties, as set forth in the caption and body of the complaint, will be henceforth ignored.

Stripped to what would appear to be its essential, or pertinent, allegations, the amended and supplemental complaint charges that at the time of the bringing of this action the plaintiffs had been dismissed from office and suspended as members of the Callaway County ASC Committee, by the Missouri ASC Committee. The plaintiffs charge that the Missouri ASC Committee presumed to so dismiss and suspend them, pursuant to regulations promulgated by the Secretary of Agriculture under the Soil Conservation and Domestic Allotment Act. Plaintiffs assert that the regulations under which the members of the Missouri ASC Committee so presumed to act in the premises are invalid and illegal in several respects. One such general claim is based on the proposition that they were duly elected to the Callaway County ASC Committee, as provided in the Soil Conservation, etc., Act; that by right of such election they became members of said County Committee; that the Soil Conservation, etc., Act contains no provisions for their removal during the period for which they were elected; that rules and regulations promulgated by the Secretary of Agriculture pursuant to said Act, making provision for the removal of such elected officials, is not authorized by the Act, or any other statute; therefore, they assert that the action of the Missouri Agricultural ASC Committee in removing them from office is and was illegal for fourteen reasons separately alleged in the complaint.

By the Soil Conservation and Domestic Allotment Act, 16 U.S.C.A. § 590h(b), the Secretary of Agriculture is given authority to "make such regulations as are necessary relating to the selection and exercise of the functions of the respective committees," provided for in that Act "and to the administration, through such committees" of the program there established by the Congress. Pursuant to that statute, the Secretary of Agriculture issued certain regulations pertaining to "County and Community Committeemen" respecting the performance of their duties and removal and suspension from office. See 18 F.R. 1699, 1703. We shall not undertake any detailed analysis of these regulations except to say that it appears therefrom that any member of a county or community committee may be removed from office, for certain stated reasons, by the State Committee pending an investigation; or removed from office "if such action appears to be necessary for the success of any program administered by the county committee." A right of appeal and hearing is provided for any employee so removed.

After the individual plaintiffs were suspended from office they sought a bill of particulars of the charges made against them by the State Committee and demanded an open hearing thereon. When this suit was commenced on April 29, 1954, the plaintiffs had not been granted any such hearing. Subsequent thereto, on May 6th and 7th, a hearing on such charges was held, and recessed for further hearing on June 15, 1954.

The amended and supplemental complaint was filed herein on June 1, 1954. Whether such recessed hearing has been held and what action was taken thereat, we are not informed.

The foregoing is sufficient to give the setting in which that action is brought. In light thereof and viewing the action that the plaintiffs here seek to maintain, either as one for a declaratory judgment or as one for a mandatory injunction, we do not believe that this Court has any power to grant any one of the nineteen prayers for relief contained in the amended complaint.

Cases may be found which hold that a federal employee who is threatened with discharge may, without first exhausting his administrative remedies, obtain an injunction to prevent his discharge. Cf. Wettre v. Hague, 1 Cir., 168 F.2d 825. But that is not the situation here. Plaintiffs allege that they have been discharged from office, and by this action seek to be restored to office. So viewing the action here attempted to be asserted as one for a mandatory injunction to restore the individual plaintiffs to office, we do not believe that this Court has any power to grant that relief. First, for the reason that there is no showing made in the instant matter that the individual defendants have the right or power to restore plaintiffs' membership on the County Committee, if any such relief was granted. If the plaintiffs seek to maintain this action against the individual defendants in their official capacity, then this would be a suit against the United States, as heretofore pointed out, which may not be maintained without the consent of the Government.

Under the Soil Conservation, etc., Act, it is clear that the power of appointment to membership on the County Committee lies with the Secretary of Agriculture. By exhibits attached to the instant complaint, it appears that the Secretary has given his tacit approval to the suspension and dismissal of the plaintiffs. The Secretary of Agriculture is not a party to the instant action. There-

fore, he (the appointing power) would not be amenable to any process issued by this Court, as here prayed, if the Court had jurisdiction to issue a mandatory writ of injunction in the premises. Cf. Love v. Royall, 8 Cir., 179 F.2d 5.

Further, this Court has no power to issue a mandatory injunction to compel an executive officer of the Government to restore a subordinate appointee to an office from which he has been discharged, rightly or wrongly. The Supreme Court of the United States, in early case of White v. Berry, 171 U.S. 366, 18 S.Ct. 917, 43 L.Ed. 199, held that United States District Courts had no jurisdiction over the appointment and removal from office of executive appointees. Quoting from Morgan v. Nunn, C.C., 84 F. 551, 553, the Court said: "A court of equity will not, by injunction, restrain an executive officer from making a wrongful removal of a subordinate appointee, nor restrain the appointment of another." See, also, Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140.

Notwithstanding an apparent want of jurisdiction in this Court in that respect, another reason also exists why this Court could not issue such an injunction in the instant matter. A mandatory injunction with respect to administrative action is in effect the issuance of a writ of mandamus. Cf. Palmer v. Walsh, D.C., 78 F.Supp. 64. That United States District Courts do not have jurisdiction to issue writs of mandamus is now academic. To grant a mandatory injunction as here prayed would be for this Court to attempt to control administrative action taken by the defendants under color of their office. That we cannot do. Cf. Branham v. Langley, 4 Cir., 139 F.2d 115; Petrowski v. Nutt, 9 Cir., 161 F.2d 938.

If the instant action is viewed as one for declaratory judgment, to determine the validity of the rules and regulations under which the plaintiffs were re-

moved, then we do not believe this Court has any jurisdiction over the subject-matter of such action for the following reasons. The rules and regulations in question were promulgated by the Secretary of Agriculture pursuant to authority vested in that official by the Soil Conservation, etc., Act, supra. To determine whether the same are invalid, and to enjoin the enforcement thereof, would be to attempt to control actions and functions of the Secretary of Agriculture in his official capacity. The promulgation and enforcement of such rules lie with the Secretary of Agriculture. Therefore, any test of their legality or restraint of their enforcement would at least require the presence of that official. Cf. Payne v. Fite, 5 Cir., 184 F.2d 977. The Secretary of Agriculture is not amenable to suit in this district for that purpose.

It is well settled that where a suit is brought against a Government official, and the object thereof is "to control or direct his action as an officer of the United States in respect to matters confided to his discretion, the suit is one against the United States and may not be maintained without its consent to be sued." Payne v. Fite, supra, 184 F.2d at page 979. The administration of the Soil Conservation, etc., Act is confided to the discretion of the Secretary of Agriculture. Although he is "directed to utilize the services of local and State committees selected" as provided in that Act, a discretion is given to that official as to how they will "exercise * * * the functions" committed to them. To attempt to control the official discretionary power so reposed in the Secretary of Agriculture by way of injunctive relief would be, in effect, the enforcement of such action against the United States.

For the reasons above stated, among others, we do not believe that this Court has jurisdiction to entertain the instant action. Among other situations we have in mind but have not discussed are: whether this action is really one arising under an Act of Congress regulating commerce; if not, whether it can be maintained under Section 1331, Title 28, U.S.C.A., with a requisite jurisdictional amount involved. As to both of which propositions, we remain dubitant.

Defendants' motion to dismiss this action is by the Court sustained. It is so ordered.