Domingo **FUSSA**, Petitioner,

v.

**J. C. TAYLOR**, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.

No. 343.

United States District Court
M. D. Pennsylvania.

Dec. 11, 1958.

Domingo Fussa, pro se.

Daniel H. Jenkins, U. S. Atty., William D. Morgan, Asst. U. S. Atty., Scranton, Pa., for respondent.

FOLLMER, District Judge.

Domingo Fussa is a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, having been sentenced on April 24, 1957, to a term of ten years by the United States District Court, Southern District of New York, following conviction for violation of the narcotics laws, 21 U.S.C.A. § 174, as a second offender.

He has filed a petition captioned "Application for writ of Habeas Corpus", but is not in these proceedings setting forth any reasons why he would be entitled to, nor is he claiming any right to immediate release. There is therefore no basis for habeas corpus. However, it is being treated as an application for relief in the nature of "mandamus" since he seeks an order directing the Warden to permit him to correspond with one Dolores Maisonet.

It appears that upon his admission to the Federal Detention Headquarters, New York City, he indicated that his common-law wife was one Carmen Marrero. Later upon admission to the penitentiary on June 26, 1957, he gave no hint of any intention to correspond with any common-law wife, but on November 29, 1957, he requested permission to write to his alleged common-law wife and submitted a letter addressed to Dolores Maisonet, Westfield State Farms, Bedford Hills, New York, the said address being that of a State Reformatory for female prisoners. Respondent having permitted the letter to be sent, it was returned to respondent by the Acting Superintendent of the Bedford Hills institution with a cover letter stating, inter alia:

"In view of the fact that Dolores and Domingo are not married to each other and are both deeply involved with narcotics, in addition to the fact that Domingo appears to be only the most recent in a series of paramours, we do not see that any useful goal will be attained by permitting correspondence between them while they are institutionalized. It is difficult, from the record, to find any constructive elements whatever in their relationship and we, therefore, do not approve of their corresponding. We are returning Domingo's letter to Dolores to you with this letter."

The respondent thereupon wisely cancelled petitioner's mailing privileges to or pertaining to this woman. This Court is asked to interfere with the Warden's exercise of his discretion.

In Banning v. Looney, 10 Cir., 213 F.2d 771, certiorari denied 348 U.S. 859, 75 S.Ct. 84, 99 L.Ed. 677, the court said:

"Courts are without power to supervise prison administration or to interfere with the ordinary prison rules or regulations. * * * No authorities are needed to support those statements. * * *"

We are not here concerned with relief ancillary to the right to file a petition for habeas corpus or institute other court action. As pointed out in Tabor v. Hardwick, 5 Cir., 224 F.2d 526, 529, this is not an absolute and unrestricted right to file any civil action they may desire. In the present case we are dealing with the ordinary censoring of mail which comes within the rules and regulations of the peni-

tentiary[1] with the administration of which the courts have uniformly held they will not interfere.[2]

Moreover, it must be pointed out that in matters involving administrative discretion it has been repeatedly held that a district court other than in the District of Columbia has no original jurisdiction to issue a writ of mandamus or its present equivalent.[3]

The petition considered both as an application for writ of habeas corpus and as an application for relief in the nature of mandamus must be denied.

1. United States ex rel. Vraniak v. Randolph, D.C.E.D.Ill.1958, 161 F.Supp. 553, 559.

2. Williams v. Steele, 8 Cir., 194 F.2d 32, 34, rehearing denied 8 Cir., 194 F.2d 917, certiorari denied 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640 (and numerous cases there cited); Peretz v. Humphrey, D.C. M.D.Pa., 86 F.Supp. 706.

3. Feyerchak v. Hiatt, D.C.M.D.Pa., 7 F.R.D. 726; Peretz v. Humphrey, D.C. M.D.Pa., 86 F.Supp. 706; Rothstein v. Hiatt, D.C.M.D.Pa., 70 F.Supp. 867; Marshall v. Wyman, D.C.N.D.Cal., 132 F.Supp. 169, 173. See also Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 77 S.Ct. 752, 2 L.Ed.2d 788; Callaway County A. S. & C. Com. v. Missouri A. S. & Co. Com., D.C.W.D.Mo., 122 F. Supp. 541; Truth Seeker Co., Inc., v. Durning, 2 Cir., 147 F.2d 54; Denver-Greeley Valley Irr. Dist. v. McNeil, 10 Cir., 106 F.2d 288.