FREDERICK W. CARLISLE v. THE CITY OF SAGINAW ET AL., AND JOHN L. SPAULDING v. SAME.

[Two cases.]

*Constitutional law—Consolidation of the Saginaws—Officers de facto—Right of local self-government.*

1. Act No. 455, Local Acts of 1889, consolidating the cities of East Saginaw and Saginaw into one municipality, to be known as the "City of Saginaw," provided that the aldermen of the two cities whose terms of office had not expired at the time of such consolidation should serve out their unexpired term in their respective wards, which were unchanged territorily. And it is held that said aldermen, while acting as aldermen of the city of Saginaw, are at least *de facto* such officers as they represent themselves to be, and that their acts are valid.

2. The Court decline to pass upon the question of the constitutionality of section 24, tit. 5, Act No. 455, Local Acts of 1889, authorizing the city of Saginaw to issue its bonds for the purpose of raising money with which to purchase a site and erect thereon a city hall in said city, and making it the duty of the common council to proceed immediately to procure such site, and construct said city hall within designated boundaries as to

location, complainants not being in a position to raise such constitutional question.

Appeals from Saginaw. (Gage, J.) Argued November 13 and 14, 1890. Decided December 24, 1890.

Bills to restrain defendants from executing or negotiating certain bonds of the city of Saginaw. Complainants appeal from decrees sustaining demurrers to their bills. Decrees affirmed. The facts are stated in the opinion.

*Eugene Wilbur* (*Trask & Smith,* of counsel), for complainant Carlisle.

*Camp & Brooks,* for complainant Spaulding.

*Lawson C. Holden* (*Hanchett, Stark & Hanchett* and *W. L. Webber,* of counsel), for defendants.

CHAMPLIN, C. J.   These two cases are identical in their facts, with the exception that the bills of complaint are filed by two different tax-payers of the city of Saginaw. They have been argued as one cause, and will be treated as but one case. This appeal is from a decree sustaining the demurrer of the defendants to the bill of complaint, and dismissing the bill for want of equity.

The case stated by the bill is that the complainant is a resident of the city of Saginaw, and the owner of real estate therein subject to taxation worth $10,000, and that the common council of the city, acting under the provisions of section 24 of title 5 of the charter of the city, being Act No. 455 of the Local Acts of 1889, on June 23, 1890, adopted a resolution for the issuing of the bonds of the city to the amount of $125,000, to be executed by the proper officers of the city, and to be sold and the proceeds thereof to be used for the purposes named in said section, viz., the purchase of a site for and the construction of a city hall;

and that in pursuance of such resolution the officers of the city. are preparing such bonds for execution, and will execute and deliver them to purchasers unless restrained by order of the court; and that the negotiation of such bonds would result in the taxation of the complainant's property. To prevent a cloud being cast upon his property by such taxation, he prays that the defendants be restrained from taking any further steps in the execution or negotiation of the bonds, and that the acts of the council be declared void. The bill alleges that the common council have taken no steps whatever to obtain an expression of the electors of said city as to their wishes and desires as to the issuing of said bonds and procuring a site for the construction of the city hall.

The reasons set forth in the bill of complaint why the proposed acts of the common council are illegal are as follows:

"Said common council have not submitted the question of issuing said bonds to the electors of said city, as required by section 13 of title 3 of said charter.

"That portion of the said charter under which said common council claim to act in issuing said bonds without the authority or sanction of said electors, viz., section 24 of title 5 of said charter, is illegal, null, and void, because the same is a violation of the constitutional rights of said city of Saginaw, in that it deprives said city of the right of local self-government.

"The issuing and negotiation of said bonds will render it necessary to raise upon the taxable property of said city, in addition to all other taxes, a sum sufficient to pay semi-annually the interst on said bonds, which taxation will at once begin, and an additional sum to pay the principal of said bonds as the same shall mature.

"Such taxation, being made, as it is by our laws, a lien upon real estate, will cast a cloud upon the title of your orator's real estate in said city that he is entitled to prevent by the aid of this court."

It is claimed in the brief filed in behalf of Spaulding

that in the enactment of this section the Legislature of the State exceeded its constitutional powers,—

"1. In that it conferred upon 15 residents of the city all rights, powers, duties, and privileges of duly elected aldermen of the city of Saginaw, and created them a part of the common council of the city.

"2. That it fixed a site for a city hall for the city, and made it the duty of the common council of the city, created as in said charter provided, to purchase the site so fixed upon, and to erect a city hall thereon, thereby making it the duty of said common council to issue the bonds of the city to raise money to purchase the site and erect the hall."

We shall not again discuss the organization of the city government for the city of Saginaw. The 15 aldermen referred to are acting as the aldermen of the consolidated city, and they are at least *de facto* such officers as they represent themselves to be; and their acts, while acting in that capacity, will be valid. We shall not try their right to hold the offices in this collateral proceeding.

There can be no doubt that it is within the province of the Legislature to authorize the city of Saginaw to issue its bonds for the purposes of purchasing a site for the city hall, and erecting thereon a building for the purposes of the city. And it is equally without question that section 24 of title 5 of the charter authorizes, in express terms, the common council of the city to issue the bonds of the city for the purpose of raising money to purchase a site for and the construction of a city hall in said city. In this respect no right of local self-government is infringed.

But it is claimed that the Legislature had no authority to locate the site or to prescribe the boundaries within which the site should be located, nor to provide that all the offices of the city should be located and kept in such city hall when completed; and that, because the Legislature attempted so to prescribe the boundaries and the

purposes for which the city hall shall be used when completed, the whole section is void, and that they have no authority under this section to issue the bonds of the city for the purposes stated; that the two are so blended together that they cannot be separated; that the city has no right or authority to issue bonds for the purpose of purchasing a site, unless it be the site within the district mentioned in the charter; and that the location of a site for its public buildings is within the exclusive control of the municipality. The main ground of contention on the part of the complainants is based upon that clause of the section in which it is made the duty of the common council to proceed immediately to procure such site, and construct such city hall within said boundaries. This, thay claim, is mandatory, and to carry it into effect makes it mandatory also to issue the bonds in question.

The proposition is doubtless true that for mere matters of local concern it is not competent for the Legislature to force a municipality to tax itself or to issue bonds, where the public interest is not concerned. It is, however, contended that, the authority being fully granted by this section to issue the bonds, if the portion making it the duty of the common council to proceed immediately would be an infringement on the constitutional right of local self-government, yet that part granting the authority may stand, and the portion which is objectionable, on account of being opposed to the Constitution, will be null and void, and the council will be at liberty to proceed to issue the bonds under this section, and to purchase a site, under the discretion vested in them by the charter. But we think that the constitutional question is not presented by the bill of complaint in such shape as to call for any decision as to the validity of any portion of the section.

It does not appear that the Legislature has compelled

the common council to proceed to issue the bonds complained of. It granted them full authority to do so, and they have acted, and are about to act, in the exercise of the authority granted. There is no compulsion over their action by the Legislature. It cannot be presumed that they were influenced to violate the Constitution. If the clause making it their duty to .proceed immediately to select the site would be a violation of the Constitution, we should expect that they would wait to be compelled to act, and not voluntarily act in violation of that instrument. The whole subject-matter of raising these bonds is by the statute placed in the control of the representatives of the municipality, in consonance with the principles of local self-government. No one is coercing them, and if they do not see fit to place themselves in a position to raise the question of the constitutionality of the portion of the section referred to, a third person, not representing the municipality, cannot do so.

It not being necessary for us, in the view we take of the case, to pass upon the question of the constitutionality of this section of the charter, we decline to do so. We do not say that the provision making it mandatory upon the council to select a site in a particular portion of the city ·is a constitutional exercise of legislative power; neither do we deny that it is such. Whether it is such or not, the complainants in these bills are not in position to raise the question, and the decrees of the circuit court must be affirmed.

The other Justices concurred.