GAFFNEY v. BLIVEN.

CANCELLATION OF INSTRUMENTS—DEEDS—UNDUE INFLUENCE.

On a bill by the daughters of grantor to set aside a deed of a farm to defendant, their sister, on the ground of false and fraudulent representations and undue influence on the part of defendant, testimony *held*, insufficient to establish plaintiffs' case.

See note in L. R. A. 1916B, 18.

Appeal from Wayne; Mandell, J. Submitted June 13, 1918. (Docket No. 39.) Decided September 27, 1918.

Bill by Clara S. Gaffney and others against Josephine Bliven to set aside a deed. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Charles C. Conklin* and *Edward C. Moran* (*Thomas A. E. Weadock*, of counsel), for plaintiffs.

*Walter Barlow* and *Leon D. Barlow*, for defendant.

MOORE, J. From a decree dismissing the bill of complaint this case is brought here by appeal. Catherine Shefferly, a widow, died on the 27th day of October, 1904. She was the mother of Charles Shefferly, Mary Keenan, Josephine Bliven, Catherine Sheehan, Lena Sheehan, and Clara Gaffney, all of whom survived her. She owned a farm of 38 acres, on which there was a mortgage which, principal and interest, amounted to about $2,500. On October 24, 1904, Catherine Shefferly made a quitclaim deed of the farm to Josephine Bliven. The bill of complaint in this case was filed October 22, 1915. We quote from the brief of appellant:

"The bill of complaint was originally filed to declare the deed a trust deed and the defendant Josephine Bliven, a trustee, holding a deed of the farm owned by Catherine Shefferly during her lifetime in trust for the benefit of her sisters, the other daughters of Catherine Shefferly, and that an equitable division of the farm be made between all the daughters of Catherine Shefferly.

"An amended bill of complaint was filed during the progress of the trial in the court below, praying that the deed dated on the 24th day of October, 1904, executed by Catherine Shefferly conveying the property to Josephine Bliven be set aside and held for naught, because of the false and fraudulent representations

made by defendant to Catherine Shefferly by means of which defendant obtained title of said farm."

The case is discussed in this court at considerable length under the following heads:

1. The effect of the so-called oral "family compact" alleged in the original bill upon the validity of the deed in question.

2. The subject of fraudulent representations and undue influence, if any, alleged by the two remaining plaintiffs in the case to have been practiced by the defendant to induce Catherine Shefferly, her mother, to convey the lands in question to said defendant.

3. The laches of the plaintiffs in filing their bill herein.

4. The validity of the amended bill of complaint allowed by the court on the hearing in the court below.

Without following this order of discussion we think the question of fact will decide the case. The scrivener who drew the deed testified in part as follows:

"I knew Mrs. Catherine Shefferly as long as I can remember. That is the deed, Exhibit 1, dated October 24, 1904, which I made for her. I had known her practically all of my life up to the time this deed was made. We were young together and lived in the same vicinity. After she was grown up and married we lived in the same neighborhood. * * *

"Q. What was the condition of her mind on the day this deed was made?

"A. Well her mind was— I think she was very sick all right, she was very sick. She was in bed and she was very sick, but I found her in her mind just about the same as she was right along every time I met her. I met her occasionally off and on. And I asked her when I first came in, I asked her how she was and she says, 'I am very sick.' I says, 'Did you send for me?' She says, 'Yes, I did.' 'Well,' I says, 'I came, now anything I can do for you I will do it.' Then I told her, 'Don't get excited, if you want to say anything keep very quiet.' She says, 'I will, I can talk'— and she went on and told me that she wanted me to write out a deed. She said she wanted to deed her place to Josephine. (Objected to.)

"*A.* And she said, 'Josephine had no home, never had a home, her other children all had homes, and I always wanted to give her a home. I want to deed her my place here. I am sorry I can't deed her a home without debts but I have got to do the best I can.' And I told her not to feel that way and whatever she wished to do and all that she could do and it was all right. And I stepped into the other room and drew up the deed and asked Mrs. Gaffney if she would sign as a witness.

"*Q.* That is one of the complainants in this case that Mrs. Gaffney?

"*A.* Yes, sir."

There was testimony offered on the part of the plaintiff to the effect that the deed was made to Mrs. Bliven upon the agreement that she was to divide the property with her sisters. This is denied by Mrs. Bliven.

The record fairly shows that Mrs. Shefferly was competent to make the deed. It shows the land conveyed was worth in the neighborhood of $4,500, incumbered with a mortgage, principal and interest, of about $2,500. It shows that Mrs. Bliven has paid debts of her mother and funeral and other proper expenses amounting to about $800, and reduced the mortgage to about $1,000. It shows that the son had already had 20 acres of the home farm and that each of the daughters had comfortable homes except Mrs. Bliven. The disposition of her small property by Mrs. Shefferly evidenced by the deed is a natural one. When the testimony, which is incompetent because equally within the knowledge of the deceased, Mrs. Shefferly, is eliminated, there is a failure to establish by a preponderance of evidence the case stated in either of the plaintiffs' bills of complaint.

The decree is affirmed, with costs.

BIRD, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with MOORE, J. OSTRANDER, C. J., and BROOKE, J., concurred in the result.