CLARENCE H. BOLTON *vs.* THOMAS A. TULLY, MAYOR.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 14th, 1931—decided February 16th, 1932.

*Philip Pond,* with whom, on the brief, was *Joseph B. Morse,* for the appellant (defendant).

*David M. Reilly,* for the appellee (plaintiff).

BANKS, J.   Section 12 of the charter of the city of New Haven provides that whenever the mayor of the city may believe any person appointed to office by him or any of his predecessors to be incompetent or unfaithful to the duties of his office, or that the requirements of the public service demand his removal, he may summon such officer before him to show cause why he should not be removed from office; that with the summons he shall leave with the officer a written statement of the charges against him, and that if, after a full hearing, he shall find that such officer is incompetent or unfaithful, or that the requirements of the public service demand his removal, he may remove such person from office.   The same section of the charter gives to the officer so removed a right of appeal to the Superior Court.

In January, 1930, the defendant appointed the plaintiff second assistant corporation counsel of the city of New Haven for the term of one year from February 1st, 1930, and in January, 1931, reappointed him for a further term of one year from February 1st, 1931.   In performing the duties of such office the plaintiff attended to the collection of unpaid taxes, liens and other indebtedness to the city.   On or about February 24th, 1931, the defendant summoned the plaintiff to appear before him and show cause why he should not be removed from office on the ground that he had been unfaithful to the duties of his office, and that the requirements of the public service demanded his removal. In the written statement accompanying the summons the defendant specifically charged (1)

that, in violation of repeated orders issued to him by the corporation counsel directing him to institute foreclosure actions to compel payment of real estate back taxes against all officers of the city who were delinquent before proceeding against any other taxpayers, he had failed and neglected to institute legal proceedings during 1930 to enforce the payment of real estate taxes owed by three officers of the city, (2) that in September, 1930, he had reported to the mayor and the corporation counsel that there was pending a foreclosure action in the case of every person in the city who owed real estate back taxes in excess of $100, which statement was not true, and (3) that his wife, with his knowledge and approval, shared with a person employed by him in his official capacity in the compensation paid for services rendered to the city, and that such fact was not disclosed by him to the mayor, the board of finance or the corporation counsel.

After a hearing upon these charges, at which the plaintiff appeared and was heard and was represented by counsel, the mayor found that the charges were true, and removed the plaintiff from office. Upon appeal the Superior Court revoked the order of removal. The court found that it did not appear that the plaintiff had acted in bad faith, or corruptly or dishonestly, or that he was wilfully neglectful of his duty or acted from any ulterior motives, and reached the conclusion that none of the charges, in view of the relevant and subordinate facts, constituted a just or legal cause for removal, and further that acts committed under a prior appointment, which were known by the appointing power, were condoned by reappointment.

We had occasion to consider the power of the mayor to remove appointive officers under this section of the New Haven charter, and the nature of the appeal from such removal, in the case of *Avery* v. *Studley, Mayor*,

74 Conn. 272, 50 Atl. 752. We there pointed out that the method of removal provided in the charter was "rather a mode of exercising the power of removal incident to executive appointment, than a quasi-judicial power to hear and determine official offenses, punishable by a forfeiture of office," and that the conclusion which the mayor must reach after a hearing was similar in character to that he must reach before making an appointment, both being made in the exercise of his official discretion. We there said that it would be impossible for the court upon appeal to entertain all the considerations that must control or influence the mayor in exercising his discretion as to the removal, which was not transferable from the mayor to a court, and for the reasonableness of the exercise of which he was responsible to those who placed him in power, and that the purpose of the appeal was "to provide a summary process by which the court may revoke the order of removal in case any essential formality has been omitted, or, perhaps, in case it finds the mayor has acted so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal." The action of a removing official in the exercise of his executive discretion is final, if, in making the removal, he has complied with the limitations upon his power of removal. *State ex rel. Williams* v. *Kennelly,* 75 Conn. 704, 707, 55 Atl. 555; *Pierce's Appeal,* 78 Conn. 666, 669, 63 Atl. 161. Speaking of this same charter provision we said in *Sullivan* v. *Martin,* 81 Conn. 585, 590, 71 Atl. 783: "The limitation placed by the charter upon the executive power of removal as incident to a power of appointment is satisfied, 'when the mayor has stated to the officer the cause which induces him to contemplate his removal, being a proper and sufficient cause,' and 'has given him an opportunity to be heard in relation

thereto, and assigns this cause in making the removal.'" The sufficiency of the cause is for the removing power to decide, though it must be a reasonable and not merely a frivolous one. *McNiff* v. *Waterbury*, 82 Conn. 43, 72 Atl. 572. The limitations upon the mayor's power of removal were twofold, first, that the official should be given written notice of the charges against him and a full and fair hearing upon them, and second, that the mayor must find that he was incompetent or unfaithful, or that the requirements of the public service demanded his removal. It is not questioned that the procedural requirements of the charter as to notice and hearing were complied with. The mayor found the charges against the plaintiff true and that the requirements of the public service demanded his removal. This was final unless the mayor's conduct on the hearing was so unjust or unfair as to prove that the removal was not made honestly in the public interest, or the charges themselves were so frivolous and unsubstantial as to furnish no reasonable ground for the exercise of the executive discretion, and therefore made action based upon them arbitrary and illegal. The record does not disclose any conduct of the mayor that could be termed unfair or unjust, but rather indicates that he acted throughout in good faith. The first charge was that, in violation of repeated orders of the corporation counsel to first start foreclosure proceedings against city officials who were delinquent in the payment of their taxes, the plaintiff had failed to do so in the case of three (later reduced to two) such officials. The third charge was that the plaintiff's wife, with his knowledge and approval, shared in the compensation paid by the city to a subordinate of the plaintiff's, and that the latter did not disclose this fact to the mayor, the board of finance or the corporation counsel. The court held,

as to the first charge, that neglect of duty, to be a ground for removal, must be wilful or habitual, and that the plaintiff's failure to follow the instructions of the corporation counsel in two instances was not such neglect as to constitute a legal cause for removal from office. As to the third charge, the court found that the services rendered by Mrs. Bolton were efficiently rendered, the compensation paid reasonable, that no charter provision was violated, and that the practice was not of sufficient importance to justify the removal of the plaintiff from office. Neither of these charges was frivolous or unsubstantial. The actions charged were such as to justify a conclusion by the mayor that they would bring merited criticism upon the plaintiff's conduct of his office, and impair his usefulness as a public servant. That being so, his conclusion that the requirements of the public service demanded the plaintiff's removal from office was within the exercise of his executive discretion and not reviewable by the court. The court found that none of the charges constituted a just or legal cause for the plaintiff's removal. That question was not before the court. The court is not the judge of the sufficiency of the cause of removal and cannot substitute its own discretion for that of the mayor.

The court found that the reappointment of the plaintiff condoned the offense alleged in the second charge, since the mayor knew the facts before the reappointment was made. Whether there was such condonation of this offense as to invalidate a removal from office based on this charge it is unnecessary to determine, since the mayor was justified in acting under the other two charges or either of them. The court correctly held that conduct of the plaintiff during a previous term of office, not known to the defendant at the time of his reappointment, could be made the

basis of his removal from office. *Hawkins* v. *Grand Rapids Common Council,* 192 Mich. 276, 158 N. W. 953; *State* v. *Welsh,* 109 Iowa, 19, 79 N. W. 369; *Attorney General* v. *Tufts,* 239 Mass. 458, 131 N. E. 573, 17 A. L. R. 274; 2 Dillon on Municipal Corporations (5th Ed.) p. 800, note 1.

There is error, the judgment is reversed and the cause remanded to the Superior Court with instructions to enter judgment in favor of the defendant.

In this opinion the other judges concurred.