The plaintiff, a taxpayer in the Town of Bloomfield, brings this action, returnable to this court on the first Tuesday of September, 1941, against the defendants, all of whom are members of and constitute the board of finance of said town.
The substance of the plaintiff's complaint is that on July 10, 1941, at a meeting of said board of finance, it was voted by a majority of the board that charges be preferred for the removal of the town manager of said town, George R. Imboden. Notice of such charges was served upon the town *Page 529 
manager at about 11 p.m. on July 10, 1941, and at the same time, pursuant to the vote of the board, the town manager was notified that a hearing would be accorded him upon the charges preferred at 8 p.m. Monday, July 14, 1941. The complaint alleged that the board of finance intended to refuse to grant a fair hearing to said manager, and further alleged that it was the intention of the board to immediately, after the hearing, dismiss him as town manager, without the just and legal cause required by law or the hearing required by law.
The plaintiff alleged that the board of finance was not acting in good faith and was jealous of the town manager's growing popularity; and that, because of the contemplated illegal dismissal by the board, the town would become liable to the town manager at least in the amount of the salary of $3,000 per annum for the remainder of the period of his term of office, as well as for damages to the town manager for injury to his reputation and occupation, besides incurring the expenses of litigation in defending such claims.
The plaintiff further alleged that he would suffer irreparable damage if the board of finance was allowed to proceed with their avowed intention of dismissing the town manager, because no appeal could be taken from the action of the board and the plaintiff had no adequate remedy at law.
The plaintiff requested:
1. A temporary injunction restraining the defendants from holding a hearing of the board of finance of the Town of Bloomfield at 8 p.m. on Monday, July 14th, for the purpose of considering the dismissal of George R. Imboden as town manager of said town upon the basis of charges set forth by said board under date of July 10, 1941, and, further to restrain said defendants from holding any meeting or hearing at any other time whatsoever for said purpose, and further restraining said defendants from interfering with the said town manager in the performance of his duties or in the receipt by him of salary to which he is entitled as such town manager.
2. A permanent injunction to the same effect.
Prior to the date set for the hearing, the plaintiff, through his attorney, presented his complaint to Molloy, Judge, of this court, the court not being in session. On a motion submitted *Page 530 
by the plaintiff simultaneously to Judge Molloy, requesting the issuance of a temporary injunction, the said judge, on July 14, 1941, without a hearing, issued an order of temporary injunction without bond, commanding the defendants, individually, or as members of the board of finance of the Town of Bloomfield, under penalty of $1,000 to wholly and absolutely desist and refrain from any hearings, meetings or other proceedings at any time whatsoever called to consider or act upon the removal of Town Manager George R. Imboden upon the basis of the charges, or any of them, preferred against said town manager by said board of finance under date of July 10, 1941; and to wholly and absolutely desist and refrain from dismissing or attempting or purporting to dismiss said town manager upon the basis of the aforesaid charges, or any of them; and either individually or as members of said board of finance to wholly and absolutely desist and refrain from interfering with or obstructing the said George R. Imboden in any wise in the legal performance of his duties as said town manager or in the receipt by him of the compensation provided by contract and by law for the performance of his said duties; all until the session of the Court of Common Pleas to be held at Hartford in the County of Hartford on the first Tuesday of September, 1941, and until the further order of said court in the premises.
A true and attested copy of the original writ, summons and complaint, exhibits, motion for temporary injunction and order of injunction, was duly served on each of the named defendants on the same date and prior to the time for the hearing designated by the board of finance.
In obedience to the order of temporary injunction no hearing has ever been held by the board of finance on the charges preferred against the town manager.
On August 5, 1941, the defendants, through their attorney, in accordance with section 5902 of the General Statutes, Revision of 1930, filed an application with the undersigned, requesting the dissolution of the temporary injunction, and upon an order the motion for dissolution was heard by the undersigned on August 12, 1941, and days following.
At the opening of the hearing, the plaintiff filed a motion, together with a proposed order of temporary injunction, which proposed order differed from the order of temporary injunction *Page 531 
issued by Judge Molloy on July 14, 1941, in that it omitted the restraint upon the holding of a hearing on July 14, 1941 (that date having already passed) and in that it inserted the word "lawful" in describing the duties of the town manager.
At the hearing on the motion to dissolve the temporary injunction considerable testimony was introduced by both the plaintiff and the defendants bearing on the controversy between the board of finance and the town manager.
The fundamental question to be determined is whether equity may intervene by injunction to enjoin a hearing or prevent the removal of the town manager.
Taking the plaintiff's case in its most favorable aspect, to wit: that the board intends to carry out any hearing which might be held for the consideration of the charges preferred against the town manager in an informal and illegal manner; that the board members have prejudged Mr. Imboden and intend to remove him because of improper motives and influences, actuated by the impossibility of their exercising control over the executive policies followed to date by the manager, and their consequent loss of control over the affairs of the town; that there is no real basis in fact for the charges preferred against the town manager, such charges being trivial in nature and arising from an improper conception of the defendants' legal rights as members of the board of finance; and that their action is arbitrary, the question still arises — is this a case properly cognizable in equity?
The Town of Bloomfield is operating under the "town manager" type of government, (Gen. Stat. [1930] § 433.) On nomination of the board of finance, George R. Imboden was appointed town manager by the board of selectmen to hold office for a term of three years commencing January 1, 1941, and until his successor shall have been appointed and shall have qualified. The town manager may be removed from office by the board of finance upon charges preferred, by a majority vote of the board after notice to such manager and a hearing upon such charges. (Gen. Stat. [1930] § 434.)
The board of finance, in preferring charges against the town manager, is therefore proceeding in accordance with a statutory power conferred upon it, and it is the only tribunal which can prefer charges and conduct a hearing thereon. *Page 532 
Unless there is some definite principle, properly cognizable in equity jurisprudence, permitting a restraint upon the exercise by the board of these statutory powers, the board cannot be restrained by injunction.
The distinction between cases in law and equity has not been abolished in this State by the Practice Act. "In common with similar provisions in other states, `the inherent distinctions between legal and equitable principles, causes, and forms of relief, are not affected ...., the only change effected being in the method of their administration and in some degree the extent of their application. The rights of the parties, and the principles by which they are determined, are not affected ....; the change does not create any new causes of action, or make available remedies not theretofore available or applicable, .... or entitle a party to recover in a case where .... he could not have recovered either at law or in equity. Equitable rights and remedies are not destroyed nor are they merged.'" Wolfe vs. Wallingford Bank Trust Co.,122 Conn. 507, 512. See, also, Avery vs. Spicer, 90 id. 576, 581.
While this is an action brought by a taxpayer ostensibly to restrain the illegal expenditure of town funds, the question whether town funds are being or might be illegally expended cannot be determined without a prior determination of the right of George R. Imboden to continue to hold the office of town manager. For if the board has the right to remove him no funds are being wasted, and, contra, if it has no right to remove him town funds may be wasted. The right to remove him involves his right to continue in office and thus his title to that office. The gist of the case is the right of the town manager to continue in office and therefore the fundamental question involves a dispute as to the title of a public officer.
It is obvious that the town manager is a public officer and not a mere employee since he has an authority conferred upon him by law, a fixed tenure of office, and power to exercise some portion of the sovereign functions of government. Kellyvs. City of Bridgeport, 111 Conn. 667, 670. He exercises the powers and performs the duties in and for the Town of Bloomfield which are conferred and imposed by law upon selectmen, except such duties as relate to the making of voters. (Gen. Stat. [1930] § 433.) Selectmen are, of course, public officers. Keegan vs. Town of Thompson, 103 Conn. 418, 423. *Page 533 
"No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being purely of a purely legal nature, and cognizable only by courts of law." 2 High, Injunctions (4th ed. 1905) § 1312.
The English Court of Chancery had no jurisdiction to restrain the appointment or removal of a municipal officer, and in this country it is well settled that courts of equity have no jurisdiction to enjoin the appointment or removal of public officers, whether the power of appointment and removal is vested in executive or administrative boards or officers or is entrusted to a judicial tribune. The jurisdiction to determine title to a public office belongs only to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, quo warranto, or information in the nature of a writ of quo warranto, according to the circumstances of the case and the mode of procedure established by the common law or by statute. 1 Joyce, Injunctions (1905) § 55; 4 Pomeroy, Equity Jurisprudence (4th ed. 1919) § 1760; 2 (Revised vol.) McQuillin, Municipal Corporations (2d ed. 1939) §§ 490, 596.2; 32 C.J. Injunctions § 406; 46 C.J. Officers § 215; 14 R.C.L. Injunctions § 76.
In the case of In Re Sawyer, 124 U.S. 200, which involved a petition for a writ of habeas corpus by the mayor and eleven members of the city council of the City of Lincoln in the State of Nebraska, who were imprisoned under an order of contempt for the violation of a temporary injunction restraining the mayor and the council from proceeding with the illegal and arbitrary removal of the judge of the police court of that city, the court, in granting the writ, held that the order of temporary injunction was absolutely void, a court of equity being without any power whatsoever to issue a restraining order in a proceeding involving the removal of a public officer.
In its opinion the court reviewed both English cases and cases in the courts of the several states, and found that the power of a court of equity to restrain by injunction the removal of a municipal officer had been denied in many well-considered cases. Whether the proceedings of the city council *Page 534 
were to be regarded in their nature to be criminal or civil, judicial or merely administrative, they related to a subject which a court sitting in equity had no jurisdiction or power over and could neither try nor determine for itself, nor restrain by injunction the officers of the city from trying and determining. Id. 221.
Chief Justice Waite dissented on the ground that he was not prepared to decide that an officer of a municipal government could not, under any circumstances, apply to a court of chancery to restrain the municipal authorities from proceeding to remove him from his office without the authority of law. "There may be cases .... when the tardy remedies ofquo warranto, certiorari, and other like writs will be entirely inadequate." Id. 223.
Mr. Justice Harlan concurred in this dissenting view taken by the Chief Justice, but in the case of White vs. Berry,171 U.S. 366, involving the same question, Mr. Justice Harlan delivered the opinion of the court, which unanimously reaffirmed the opinion expressed in the Sawyer case, supra, and set aside a temporary restraining order issued to prevent the United States collector of internal revenue for the District of West Virginia from removing the complainant Berry from his position as United States gauger.
See, also, Walton vs. House of Representatives, State ofOklahoma, 265 U.S. 487.
In the case of Lane vs. Wilson, 307 U.S. 268, 272, Mr. Justice Frankfurter again refers to this "traditional restriction upon the exercise of equitable jurisdiction."
The law in other jurisdictions is uniform on this question.Moulton vs. Reid, 54 Ala. 320; Sharpe vs. City of Los Angeles,136 Cal.App. 732, 739, 29 P.2d 797; Brackett vs. Bridges,178 Ga. 588, 173 S.E. 379; Delahanty vs. Warner, 75 Ill. 185;Muhler vs. Hedekin, 119 Ind. 481, 20 N.E. 700; White vs.Wohlenberg, 113 Iowa 236, 84 N.W. 1026; Cox vs. Moores,55 Neb. 34, 75 N.W. 35; Updegraff vs. Crans,
47 Penn. St. 103.
One case, State ex rel. Kansas City vs. Lucas, 236 Mo. 18,139 S.W. 348, 351, seems to hold to a contrary view and yet that case is not conclusive even in that jurisdiction on the principle that equity cannot restrain the appointment or removal *Page 535 
of public officers, since the court expressly disclaimed that the case involved that principle by finding that the petitioner was an employee and not a public officer.
The plaintiff relies on the case of Whitney vs. City of NewHaven, 58 Conn. 450, 457, as authority for the proposition that equity will intervene by injunction to prevent the exercise of discretionary powers by a municipal board where fraud, corruption, improper motives or influences, plain disregard of duty, gross abuse of power, or violation of law, entered into or caused the result. But that case involved the power of a court of equity to restrain a municipal board from committing waste of public property, a field wherein the law is well settled.
The case of Dailey vs. City of New Haven, 60 Conn. 314, involved a suit for an injunction to restrain the common council of that city from declining to accept and administer a testamentary trust.
There appears to be no case in our reports which has considered the question of the jurisdiction of a court to review removal proceedings where such review has been sought on a complaint for equitable relief. An examination of cases involving the removal of a public officer indicates that the cases were all ones at law.
Thompson vs. Troup, 74 Conn. 121, came before the court on an application for a writ of mandamus.
Avery vs. Studley, 74 Conn. 272, came before the court on an appeal authorized by statute.
State ex rel. Williams vs. Kennelly, 75 Conn. 704, involved quo warranto.
Pierce's Appeal, 78 Conn. 666, involved an appeal authorized by statute.
Sullivan vs. Martin, 81 Conn. 585, came before the court in the same manner.
McNiff vs. City of Waterbury, 82 Conn. 43, was heard on a statutory appeal.
State ex rel. McDermott vs. wilkinson, 88 Conn. 300, involved a writ of mandamus. *Page 536 
 Bolton vs. Tully, 114 Conn. 290, involved an appeal authorized by statute.
Nor can any other conclusion be reached because the plaintiff in the action is a taxpayer, since the gist of his action in this case involves the right and title to public office. By raising the issue of illegal expenditure and waste, he makes the issue of title to public office the real gist of his complaint, and the courts have uniformly refused to intervene in an equity proceeding involving such a consideration even though a taxpayer brings the suit. Prankard vs. Cooley, 147 App. Div. 145,132 N.Y.S. 289; Greene vs. Knox, 175 N.Y. 432, 67 N.E. 910;Chostkov vs. City of Pittsburgh, 177 F. 936, 943; Prince vs.City of Boston, 148 Mass. 285, 19 N.E. 218; Carlisle vs. Cityof Saginaw, 84 Mich. 134, 47 N.W. 444.
The plaintiff is not without a remedy at law and if, upon a hearing held by the board of finance on the charges which it preferred against the town manager on July 10th, the formalities of the statutes under which the board is authorized to act are not complied with, and if the charges are trivial and the board's action is arbitrary, an action of mandamus will lie. "Where the ouster is absolutely void, clearly without legal warrant or in total disregard of law, and the successor obtains not even a color of title to the office, or the proceedings are plainly had in bad faith and hence are absolutely void, the appointment or election of the successor is a mere nullity and mandamus will lie to restore one to an office from which he was illegally ousted." State ex rel. Comstock vs. Hempstead,83 Conn. 554, 558.
There is authority to the effect that a taxpayer, such as this plaintiff, might also be a proper party to apply, in the name of the State, for the writ of mandamus. 6 (Revised vol.)McQuillin, Municipal Corporations (2d ed. 1937) § 2732.
In disposing of the question of the power to issue a temporary injunction to restrain the board of finance from conducting any hearing or other proceeding to consider or act upon the removal of the town manager upon the basis of the charges preferred against him under date of July 10, 1941, and to desist from dismissing the said town manager upon the basis of the charges, one further portion of the injunction remains for consideration.
That portion relates to the commanding of the defendants *Page 537 
to desist and refrain from interfering with the town manager in the legal performance of his duties or the receipt by him of compensation.
There was no testimony presented which would in any way indicate that the board of finance was usurping the duties of the town manager or interfering with the physical possession of his office. Nor was there any testimony that the board had failed or refused to pay the salary due to the town manager or that it will refuse to pay such salary prior to the actual time that it may remove him.
Since it was not within the power or jurisdiction of the judge to issue the temporary injunction it follows of necessity that the application to dissolve the temporary injunction must be granted and the injunction be dissolved, and that the motion of the plaintiff of August 12th proposing a new form of temporary injunction must be denied.
 The application to dissolve the temporary injunction issued July 14, 1941, is granted and the temporary injunction is dissolved. The motion of the plaintiff of August 12, 1941, proposing a new form of temporary injunction, is denied.